UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                               CRIMINAL ACTION

v.                                                    NO. 09-138

JONATHAN BOLAR                                        SECTION "F"

ORDER AND REASONS

Before the Court is Jonathan Bolar's motion for reconsideration of this Court's denial of his motion for production of documents. For the reasons that follow, the petitioner's motion is DENIED.

Background

Jonathan Bolar, formerly a Gretna city councilman, is a federal prisoner currently serving a term of 204 months in prison after a jury unanimously convicted him on four counts of extortion (18 U.S.C. § 1951), two counts of wire fraud (18 U.S.C. § 1343), four counts of failure to file tax returns (26 U.S.C. § 7203), and three counts of structuring financial transactions to evade reporting requirements (31 U.S.C. § 5324).[1] Bolar appealed his conviction and sentence to the U.S. Fifth Circuit Court of Appeals,

---

[1] Bolar's sentencing guideline range after trial was 121-151 months, but the Court varied upward in imposing 204 months imprisonment. Also included in his sentence are three years of supervised release, $134,732 in restitution to the IRS, $39,350 in restitution, and $1,000 in special assessments.

1

which affirmed his conviction and sentence.[2]

Since then, Bolar, *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On June 16, 2014, Judge Africk, the trial and sentencing judge, denied outright all but three of Bolar's habeas claims.[3] With respect to the remaining claims, first, the Court found that Bolar proved ineffective assistance of counsel relative to Count 4 of his conviction; in particular, the defendant established that (1) trial counsel was deficient in failing to realize that the interstate commerce stipulation was deficient and in failing to renew the motion for judgment of acquittal when no evidence at trial was produced to support the interstate commerce element as to Count 4; and (2) trial counsel's error was prejudicial.[4] As a result, his

---

[2] See United States v. Bolar, 483 Fed. Appx. 876 (5th. Cir. 2012).

[3] See United States v. Bolar, No. 09-138, 2014 WL 2719362 (E.D.La. June 16, 2014)(Africk, J.). The Court denied habeas relief relative to Bolar's arguments that (1) his counsel was ineffective for advising him to admit to the jury that he failed to file income tax returns; (2) his counsel was ineffective in failing to investigate Adonis Favorite or impeach her testimony at trial; (3) his counsel was ineffective for failing to show that Bolar was functioning as a contractor, rather than as a politician; (4) his counsel was ineffective for failing to request a good faith defense jury instruction relative to the wire fraud counts; (5) his counsel was ineffective in failing to object to an error in the PSR; (6) his appellate counsel was ineffective in failing to adequately research issues for appeal; and (7) prosecutorial misconduct improperly influenced the jury and potential witnesses.

[4] Bolar contended that his trial counsel was ineffective for failing to seek a judgment of acquittal on Counts 1 - 4

conviction as to Count 4 has been vacated; it was determined that re-sentencing was unnecessary because his sentence as to Count 4 ran currently with his other sentences. 2014 WL 2719362, at *7.

Second, and relevant to the present motion, Judge Africk deferred ruling on Bolar's claim that ineffective assistance of counsel led to his rejection of a plea offer in which the government allegedly offered 12 to 18 months' imprisonment in exchange for pleading guilty to one count of failure to file income taxes and one count of wire fraud. 2014 WL 2719362, at *3. But Bolar claimed that his trial counsel told him that Assistant U.S. Attorney Fred Harper offered the favorable plea deal. On the other hand, the government submitted sworn declarations by AUSA Harper and Bolar's trial counsel, Marion Floyd, both of whom stated not only that there was no plea offer, but that there were never even any plea negotiations. Id. In light of these conflicting sworn

---

concerning the sufficiency of the evidence supporting the interstate commerce element of the extortion counts. With respect to Count 4, Judge Africk determined that Bolar established deficient performance of counsel and a reasonable probability of a different verdict. 2014 WL 2719362, at *7. Notably, the Fifth Circuit had observed that the stipulation between the government and petitioner that the interstate commerce nexus was met as to Counts 1 - 4 did not "necessarily satisfy the interstate commerce element" of these Hobbs Act offenses; the Fifth Circuit nevertheless concluded that other evidence in the record supported a finding of the interstate commerce nexus as to Counts 1 - 3. 483 Fed.App'x at 881-82. The Fifth Circuit affirmed all four of the extortion convictions. Id. Expressing doubt as to whether the extortion involving Count 4 affected an entity engaged in interstate commerce, the Fifth Circuit applied plain error review and concluded that the defendant failed to show a manifest miscarriage of justice. Id.

statements, Judge Africk determined that an evidentiary hearing was necessary to resolve whether a plea offer was actually made and, if so, whether trial counsel's advice and actions relative to that plea offer prejudiced defendant.  Id.

Third and finally, Judge Africk deferred ruling on whether counsel was ineffective in advising him about his sentencing exposure.  Id. at *4.[5]  Thereafter, Judge Africk held a status conference, appointed counsel for Bolar, and scheduled an evidentiary hearing.  After Judge Africk recused himself from further proceedings, the case was re-allotted to this Court. Meanwhile Bolar, through counsel, filed a sealed motion for production of documents in which he sought to discover certain FBI 302s. The government filed a sealed opposition, to which Bolar replied. On August 28, 2014, this Court issued a sealed Order and Reasons denying the petitioner's motion for production of documents.  In so doing, the Court found that Bolar failed to explain how the sought-after evidence would be probative of what

---

[5]In particular, Bolar swears that his counsel told him that his "worst case scenario" if convicted after a trial was 40-44 months' imprisonment. Id.  For his part, Bolar's trial counsel submitted a sworn declaration stating that he did not advise Bolar that 44 months was the worst case scenario; Mr. Floyd stated that it is not his practice to advise his clients as to a firm maximum sentencing exposure but, rather, he generally "provide[s] my best estimate, making clear that it is only an estimate." Id.  In hindsight, Bolar's counsel states under oath, he would have estimated at least 10-12 years' imprisonment, and this "estimate would have changed as the evidence developed." Id.  Again, in light of the conflicting evidence, Judge Africk deferred resolution of this issue pending an evidentiary hearing. Id.

the petitioner must as a threshold matter prove -- that an actual plea offer was made. The Court observed that "Bolar focuses, mistakenly, on the government's 'desire' that he cooperate" all while failing to explain "how [the] FBI documents would reveal that bare interest in and desire for Bolar's cooperation ever manifested in an actual plea offer." See Order and Reasons, at pp. 8-9.

Bolar now seeks reconsideration of the Court's August 28 Order and Reasons denying his motion for production of documents.

## I.

### A.

Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed.R.Civ.P. 59(e).[6] Rule 60(b), on the other hand, applies to motions filed after the 28-day period, but demands more "exacting substantive requirements." See Lavespere v. Niagara Machine & Tool Works, 910 F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994)(en banc).

"A Rule 59(e) motion 'calls into question the correctness of

---

[6] Neither the petitioner nor the government suggests which standard of review applies to the petitioner's request. The Rules Governing § 2255 Cases offers a solution. Rule 12 of the Rules Governing § 2255 Cases authorizes district courts to apply to habeas proceedings the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure "to the extent that they are not inconsistent with any statutory provisions of these rules."

a judgment.'" Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)).  Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).  The grant of such a motion is an "extraordinary remedy that should be used sparingly." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., 114 Fed.Appx. 137, 143 (5th Cir. Nov. 11, 2004)(citing Templet, 367 F.3d at 479).  The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just

decisions on the basis of all the facts." Templet, 367 F.3d at 479.

Because the Court entered the challenged Order and Reasons on August 28, 2014, and the petitioner filed his motion to reconsider 28 days later, the motion to amend is timely under Rule 59(e).

*B.*

Invoking "newly discovered evidence", Bolar asks the Court to reconsider its denial of his prior motion for production of certain FBI 302s. In support, Bolar submits a series of emails between Bolar and then-counsel Marion Floyd. One such email, which Bolar contends proves the threshold issue of the existence of "'an actual plea offer from the U.S. Attorney's Office to trial counsel,'" was sent by Floyd to Bolar on February 27, 2010. In it, Floyd states:

> I spoke to Matt Coman yesterday via telephone. In our spirited conversation, I told him that you are interested in a deal wherein you plead to the tax cases only....
> He was amused with my offer, but refused. However, if you choose, we will ask his supervisors if the original deal - one honest services fraud felony count and one tax count - is still available.

This -- in particular the reference to "the original deal" -- Bolar contends, constitutes proof of the threshold issue the Court found lacking in its August 28 Order and Reasons. Bolar now claims that the FBI documents sought "would show that the government was

willing to make substantial sentencing concessions in exchange for Bolar's cooperation."  Bolar says that the FBI documents would prove that the government wanted Bolar's cooperation enough to refer to Ellenese Brooks-Simms when asked what he could expect in exchange for cooperation; Brooks-Simms received an 18-month sentence for her cooperation against Mose Jefferson.[7]  Bolar contends that the FBI 302s will prove that the government was intensely interested in Bolar's pre-trial cooperation and that, as a result, the government was prepared to make substantial sentencing concessions.  The same argument Bolar advanced in his prior motion for production of documents.

In response, the government submits that the documents Bolar seeks are not relevant to his pending § 2255 motion.  Even if the 302s show intense interest in Bolar's cooperation, as this Court previously assumed, this does not bear on Bolar's remaining ineffective assistance of counsel claims: Bolar still fails to show how the requested documents will be probative of any specific plea offer with a specific range of 12-18 months imprisonment.  Additionally, the government contends that the evidentiary hearing, in which Mr. Floyd and other relevant players are expected to testify, is the appropriate forum to inquire about the context and meaning of the email.  The Court agrees.

---

[7] In his reply papers, Bolar contends that AUSA Fred Harper named Ellenese Brooks-Simms when Bolar asked Harper what benefit he would receive from pleading guilty and cooperating.

As before, Bolar fails to demonstrate good cause for the discovery he seeks, even in light of the email alluding to "the original deal". The Court has already assumed, for the sake of argument, that the FBI 302s squarely prove the government's interest in Bolar's cooperation. But Bolar fails to persuade that the 302s would advance resolution of his ineffective assistance of counsel claims. Again, Bolar focuses, mistakenly, on the government's "desire" that he cooperate when the factual predicate for establishing whether a plea offer was ever made will focus not on FBI 302s but, rather, on the alleged conversations between AUSAs Harper and Coman and Bolar (and, presumably, his counsel, Floyd) regarding the potential for a deal or a reduced sentence. In short, the newly-obtained email does not remedy petitioner's failure to sufficiently connect the requested FBI materials to the alleged plea discussions.

IT IS ORDERED: that the petitioner's motion for reconsideration is DENIED.

New Orleans, Louisiana, October 6, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE