UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 09-0138 |
| JONATHAN BOLAR | SECTION: "F" |

ORDER AND REASONS

Before the Court is Jonathan Bolar's *pro se* motion for a sentence reduction or release on home confinement. For the reasons that follow, the motion is DENIED.

**Background**

On April 9, 2010, Jonathan Bolar was convicted of four counts of extortion, two counts of wire fraud, four counts of failure to file a tax return, and three counts of structuring. He was subsequently sentenced to 204 months at FCC Beaumont Low with a release date of September 30, 2024.[1] Bolar had served about 60 percent of his sentence before the Bureau of Prisons released him on home confinement on September 4, 2020 in response to the COVID-19 pandemic.

---

[1] Judge Africk presided over Bolar's trial, sentencing, and a portion of his post-conviction proceedings before Judge Africk recused and the case was transferred to this Section of Court.

1

Bolar has many health conditions that would make him more vulnerable to COVID-19. He has diabetes, high blood pressure, hypertension, and heart disease. Due to these illnesses and the risk presented by COVID-19, Bolar requested compassionate release from FCC Beaumont Low in an email to Warden Cutright dated April 9, 2020. Claiming he did not receive a response, Bolar now asks the Court to reduce his sentence to time-served.[2]

I.

Bolar moves for a sentence reduction under 18 U.S.C. § 3582(c) due to his chronic health conditions.[3] The government opposes Bolar's request for a sentence reduction because the § 3553(a) factors weigh strongly in favor of denying's Bolar request. Because all agree that Bolar exhausted his administrative remedies within the Bureau of Prisons, the Court turns directly to the merits of Bolar's request for a sentence reduction.[4] He is ineligible for one.

---

[2] Bolar also originally requested that the Court grant his request for home confinement; meanwhile, the BOP has placed Bolar on home confinement.

[3] The First Step Act of 2018 amended 18 U.S.C. § 3582(c) to allow prisoners to move for compassionate release on their own behalf. See PUB. L. NO. 115-391, 132 STAT. 5239. Before the amendment, only the Director of the Bureau of Prisoners could move for compassionate release.

[4] The administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is met because it has been 30 days since the Warden

A.

Under § 3582(c)(1), the Court may reduce Bolar's prison term based on two findings: (1) "extraordinary and compelling reasons warrant" a reduction; and (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[5] In so finding, the Court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." Id. Bolar has the burden of showing that a sentence reduction is warranted. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016). He has not done so.

1.

First, no "extraordinary and compelling" reasons support a reduction in sentence.

Mindful that the Court is not bound by the U.S. Sentencing Guidelines in determining whether Bolar shows extraordinary and compelling reasons for a reduction,[6] it is helpful to consider these three circumstances that may be "extraordinary and compelling": (1) a medical condition; (2) age; and (3) family

---

of FCC Beaumont Low received Bolar's request for compassionate release or release on home confinement.

[5] Bolar is ineligible for relief under sub-section (ii) because he is not "at least 70 years of age," and he has not "served at least 30 years in prison[.]" 18 U.S.C. 3582(c)(1)(A)(ii).

[6] See United States v. Gonzalez, 819 Fed.Appx. 283, 384-85 (5th 2020).

circumstances. U.S.S.G. § 1B1.13, Note 1. It is undisputed that Bolar has chronic medical conditions making him particularly vulnerable should he contract COVID-19. The Center for Disease Control and Prevention has identified eight conditions that place a person at an increased risk of developing a severe illness from COVID-19; Type 2 Diabetes and heart disease are among them.[7]

The Government concedes that if Bolar remained incarcerated, his serious health conditions arguably could have met the extraordinary and compelling circumstances test due to the COVID-19 pandemic. However, Bolar has been released on home confinement by the BOP. Accordingly, the Court is not persuaded that his medical conditions meet the second part of the Sentencing Guidelines' advisory "extraordinary and compelling circumstances" test; that is, that the medical conditions "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility[.]" U.S.S.G. § 1B1.13, cmt. n.1(A). By placing Bolar on home confinement, the BOP has removed the major risk about which Bolar was concerned: being unable to socially distance from inmates or correctional officers who have COVID-19. Bolar, who is no longer at risk of exposure due to proximity to others in a custodial setting, fails to show

---

[7] See Centers for Disease Control and Prevention, People with Certain Medical Conditions (June 27, 2020), https://www.cdc.gov/coronavirus/2019-nCoV/index.html [perma.cc/5AF8-CS4K].

4

that "extraordinary and compelling reasons warrant" a sentence reduction. He is thus ineligible for one under § 3582(c).

2.

Even assuming Bolar had shown "extraordinary and compelling reasons," the Court would deny his request for a sentence reduction. When considering whether to reduce a term of imprisonment, the Court is obliged to review the factors set forth in § 3553(a) to the extent they are applicable. 18 U.S.C. § 3582(c)(1)(A). In Bolar's case, the § 3553(a) factors militate against a sentence reduction. Two § 3553(a) factors in particular persuade the Court that a sentence reduction is unwarranted: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed. 18 U.S.C. § 3553(a).

First considering the nature and circumstances of Bolar's offenses: Bolar was convicted of multiple counts of extortion of constituents, including parishioners of a church and friends, while he was a Gretna city councilman. During his trial, Bolar lied and obstructed the investigation by convincing a witness to lie for him. Additionally, Bolar willfully evaded federal tax obligations by attempting to conceal cash deposits from the Internal Revenue Service. As indicated in the Pre-Sentence Investigation Report, the nature and circumstances of Bolar's offenses show "a pattern of deceit and immoral behavior."

5

Second, the Court looks to the need for the sentence imposed. To emphasize the seriousness of Bolar's offenses, the sentencing Court upwardly departed from the sentencing guideline range. While Bolar has a clean prison record, his actions while incarcerated do not mitigate the seriousness of his offenses. The sentence imposed reflected the seriousness of the offense, promoted respect for the law and provided just punishment whereas a reduction would thwart these objectives.

Due to the nature and circumstances of the offense as well as the need for the sentence imposed, the Court finds that consideration of the § 3553(a) factors favor denying Bolar a sentence reduction. He is ineligible for a sentence reduction on this independent ground.

***

No extraordinary and compelling reasons warrant a reduction of Bolar's sentence. 18 U.S.C. § 3582(c)(1)(A). And granting him a reduction is unwarranted considering the applicable sentencing factors of § 3553(a). Id.

Accordingly, IT IS ORDERED: that Bolar's *pro se* motion for a sentence reduction is DENIED. Even if the Court had the authority to place Bolar on home confinement (which it does not), the BOP has already granted his request; accordingly, IT IS FURTHER

ORDERED: that his request for home confinement is dismissed as moot.

New Orleans, Louisiana, October 1, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE